UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL EDWARD OHM, JR., | Case No. 2:25-cv-02611-TLN-CSK |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO DISMISS (ECF NO. 7) |
| CALIFORNIA NATURAL RESOURCE AGENCY, ET AL., | |
| Defendant. | |

Pending before the Court is a motion to dismiss filed by Defendants California Department of Conservation, Clayton Haas, Sharon Paul Paul, Sujit Smile, State of California Natural Resource Agency, and Wendy Weaver, which is fully briefed. (ECF No. 7). Plaintiff is proceeding pro se.[1] Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file and vacated the December 2, 2025, hearing. For the reasons that follow, this Court recommends GRANTING Defendants' motion to dismiss without leave to amend.

/ / /

/ / /

_____

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 272, and Local Rule 302(c).

1

## I.    BACKGROUND

### A.    Factual Allegations[2]

Plaintiff brings this action against Defendants Department of Conservation, Clayton Haas, Sharon Paul Paul, Sujit Smile, State of California Natural Resource Agency, and Wendy Weaver. (ECF No. 1.) It appears that Plaintiff is seeking relief based on claims of "biological warfare," "chemical warfare," "mental abuse," "[a] hate crime," "prostitution," "child pornography," "harassment," and "sexual harassment." *Id*. at 4. Under Plaintiff's "Statement of a Claim" section, he makes reference to an "involuntary hospitalization," and "forced medication administration," and alludes to several medical records. *Id*. at 5. Plaintiff claims the basis for federal court jurisdiction under both federal question and diversity of citizenship. *Id*. at 3. For relief, Plaintiff appears to reference costs relating to "pain and suffering," "hospitalization therapy," and "permanent mental disability costs." *Id*. at 5.

### B.    Procedural Posture

Plaintiff initiated this action on September 11, 2025. (ECF No. 1). On October 14, 2025, all Defendants filed a motion to dismiss with a hearing date set for December 2, 2025. (ECF No. 7.) Because Plaintiff did not file an opposition or a statement of non-opposition in accordance with Local Rule 230(c), this Court vacated the December 2 motion hearing on November 10, 2025, provided Plaintiff with another opportunity to respond, and ordered Plaintiff to file an opposition or statement of non-opposition no later than November 24, 2025. (ECF No. 11.) On November 17, 2025, Plaintiff filed an opposition to the motion to dismiss accompanied by a civil cover sheet, which appears to be an attempt to amend the original complaint. (ECF No. 12.) On November 25, 2025, all Defendants filed a reply to Plaintiff's opposition. (ECF No. 15.)

---

[2] These facts primarily derive from the complaint (ECF No. 1), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

## II.      LEGAL STANDARDS

### A.      Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

### B.      Subject Matter Jurisdiction under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

A party may move to dismiss a complaint for lack of subject matter jurisdiction

under Federal Civil Procedure Rule 12(b)(1). Fed. Civ. R. 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). During a facial attack, "the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction." *Id*.

## III.    DISCUSSION

Defendants move to dismiss Plaintiff's claims pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction on the grounds that there is no cognizable federal claim as well as a lack of diversity among the parties. (ECF No. 7-1). Defendants also move to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) for failure to state a claim on which relief to be granted. *Id*. at 1. Because this Court finds jurisdiction lacking, its analysis is focused on the Rule 12(b)(1) motion.

### A.    Federal Question Jurisdiction

Defendants argue that Plaintiff's complaint fails to state a cognizable federal claim. (ECF No. 7-1). The Court agrees. Upon review, Section A of Plaintiff's complaint fails to identify a single federal statute, treaty, or provision of the United States Constitution in its basis for federal question jurisdiction. (ECF No. 1). Plaintiff's remaining pleadings under the section titled "Statement of a Claim" likewise fail to reference a claim relating to a federal statute, treaty, or provision of the United States Constitution. *Id*. at 5. To the extent Plaintiff's claims are discernible, they do not arise under federal law. Therefore, federal question jurisdiction is not established.

### B.    Diversity Jurisdiction

Defendants also correctly argue that there is a lack of diversity among the parties to establish diversity jurisdiction. Plaintiff, a citizen of California, is suing the California Department of Conservation along with individual defendants. *Id*. at 2, 5. Because this agency is a citizen of California (which Plaintiff acknowledges in his complaint), there is no diversity of citizenship among the parties, which is sufficient to grant Defendants' Motion to Dismiss under Rule 12(b)(1). *See* 28 U.S.C. § 1332.

**C.    Leave to Amend**

For the foregoing reasons, providing Plaintiff leave to amend would be futile because the court lacks subject matter jurisdiction. While Plaintiff has attached a separate document to his opposition in an attempt to amend the complaint, amendment as of right is not available where it was filed more than 21 days after service of the defendants' motion to dismiss.[3] *See* Fed. R. Civ. P. 15(a)(1)(B). In addition, Plaintiff has not obtained the opposing parties' consent or leave of the court. *See* Fed. R. Civ. P. 15(a)(2).

**IV.    CONCLUSION**

In conclusion, based upon the findings above, it is RECOMMENDED:

1.    Defendants' motion to dismiss (ECF No. 7) be GRANTED without leave to amend; and

2.    The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  January 13, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, ohm2611.16

---

[3] Plaintiff's attachment appears to raise new claims that are unrelated to the allegations in the original complaint. (ECF No. 12-1). If Plaintiff wishes to raise these claims, he must file them in a new action.

5